United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD O. STEVENS, Trustee of The Gloria S. Stevens Trust, and Named Executor of the Gloria S. Keesey Stevens Estate,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. 05-03967 SC<br><br>MEMORANDUM OF DECISION; FINDINGS OF FACT AND CONCLUSIONS <u>OF LAW</u> |

## I. <u>INTRODUCTION</u>

Plaintiff Richard O. Stevens, Trustee of the Gloria S. Stevens Trust, and Named Executor of Gloria S. Keesey Stevens's Estate ("Plaintiff" or "Stevens"), filed this action against Defendant United States of America ("Defendant" or "Government"), under 26 U.S.C. §§ 7422 and 6511, claiming a refund of $65,481.99 in overpaid estate taxes. See Compl., Docket No. 1.

On August 20, 2007, the parties tried the case before this Court. Having fully considered the evidence and testimony offered at trial and the arguments of counsel, the Court by this Memorandum of Decision issues its Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court concludes

1  that Plaintiff is entitled to recover damages in the amount of
2  $65,481.89 plus interest.

**II.  FINDINGS OF FACT**

1. Plaintiff's mother, Gloria Stevens, died on February 16, 1998.
2. The estate tax return for Gloria Stevens was due on November 16, 1998.
3. On November 16, 1998, Plaintiff submitted to the I.R.S. a completed Form 4768 Application for Extension of Time to file a Return, along with a check for $162,109.58.  See Ex. 2.
4. At the time Plaintiff submitted the payment of $162,109.58, he did not know the exact amount due, but believed this payment to be significantly in excess of what the estate owed.
5. The I.R.S. granted Plaintiff an extension to file the estate tax return until May 16, 1999, and an extension to pay the estate tax until November 16, 1999.
6. On May 13, 1999, Plaintiff's wife Joan Stevens spoke by telephone with Mr. Richmond, I.R.S. employee number 04163.  Mrs. Stevens told Mr. Richmond that when the estate paid its taxes on November 16, 1998, it had overpaid and expected a refund.  Mr. Richmond told Mrs. Stevens that if the estate had already paid the full tax due, it would not suffer any penalties for filing the tax return late, and that the estate should send a written

2

1  request for additional time to file if necessary.  Mrs.
2  Stevens took notes during this conversation.  <u>See</u> Ex. 1.
3  7.  Plaintiff received a notice from the I.R.S. dated
4  September 13, 1999, which stated that the Form 706 estate
5  tax return on the Gloria Stevens Estate was overdue; that
6  the estate had a credit balance of $162,109; and stated,
7  "Please explain how you want us to handle your credit."
8  <u>See</u> Ex. 3.  Plaintiff received an identical notice two
9  months later dated November 8, 1999.  <u>See</u> Ex. 4.
10  8.  Between November 8, 1999, and January 28, 2002, Plaintiff
11      did not communicate with the I.R.S. or file the estate
12   tax return.
13  9.  On January 28, 2002, I.R.S. Revenue Officer Nancy Wong
14   sent Plaintiff a letter requesting a meeting to discuss
15  the estate's failure to file a tax return.  <u>See</u> Ex. 8.
16  10. Plaintiff called Officer Wong to discuss the return on
17   February 11, 2002 and April 25, 2002.  During these
18  telephone calls, Plaintiff said he believed the estate
19  had overpaid its taxes and was expecting a refund.  He
20  explained the family circumstances which had prevented
21  him from filing.  Finally, Mr. Stevens requested
22  additional time to file the return.  Officer Wong agreed
23  to wait for the return until May 31, 2002.
24  11. On May 29, 2002, Plaintiff sent a letter to Officer Wong
25      requesting additional time to file the estate tax return
26     because of a recent death in the family.  <u>See</u> Ex. 5.
27  12. In response to the May 29 letter, Officer Wong sent

1  Plaintiff a post card dated June 6, 2002, on which she
2  wrote, "I will wait for Form 706 until 7/31/02."  Ex. 6.
3  13. Plaintiff completed the Form 706 estate tax return on
4  July 30, 2002, requesting a refund of $65,481.89 in
5  overpaid taxes.  Ex. 7.  Plaintiff sent the return by
6  certified mail on July 31, 2002.  See Ex. 9.
7  14. The I.R.S. received the return on August 1, 2002.

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1), which provides the district courts with original jurisdiction over any "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

#### B. Informal Claim Doctrine

In United States v. Kales, the Supreme Court articulated the basic rule which henceforth came to be known as the "informal claim doctrine":

> [A] notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim, where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

4

314 U.S. 186, 194 (1941); see also Commissioner v. Lundy, 516 U.S. 235, 250 (1996) ("even a claim that does not comply with federal regulations might suffice to toll the limitations periods under the Tax Code.").

This Court previously adopted a four-part test from Pala, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States, 234 F.3d 873 (5th Cir. 2000) ("Pala"), for determining the adequacy of an informal claim. See Docket No. 16, at 12. Under Pala, an informal claim is sufficient if it: 1) "is filed within the statutory period;" 2) "puts the I.R.S. on notice that the taxpayer believes an erroneous tax has been assessed;" and 3) "describes the tax and year with sufficient particularity to allow the I.R.S. to undertake an investigation." Pala, 234 F.3d at 877. Finally, while "an informal claim may include oral communications, it must have a written component." Id. These factors are a means of answering the central question, whether "the Commissioner knew, or should have known, that a claim was being made." Id.

**C.   Discussion**

Determination of whether Plaintiff's communications with the I.R.S. amount to an informal claim will resolve whether Plaintiff's claim for refund was timely. Pursuant to Internal Revenue Code section 6511(a), a taxpayer must make a claim for refund within 2 years of paying a tax, or within 3 years of filing a return, whichever is later. See I.R.C. § 6511(a). The statute also limits how much a taxpayer may recover based on how long after the purported overpayment the taxpayer files a claim for refund:

>     If the claim was filed by the taxpayer during the 3-year
>     period prescribed in subsection (a), the amount of the
>     credit or refund shall not exceed the portion of the tax
>     paid within the period, immediately preceding the filing
>     of the claim, equal to 3 years plus the period of any
>     extension of time for filing the return.

I.R.C. § 6511(b)(2)(A). The I.R.S. granted Plaintiff a six-month extension to file the estate tax return. Thus, under section 6511(b)(2)(A), Plaintiff could file a claim for refund of taxes paid within three and a half years preceding the claim.

The Government concedes that, taken together, Plaintiff's oral communications with I.R.S. Officers Richmond and Wong, as well as Plaintiff's May 29, 2002 letter to Officer Wong, satisfy three of the four Pala elements. The Government only disputes whether this set of communications "describes the tax and year with sufficient particularity to allow the I.R.S. to undertake an investigation." Pala, 234 F.3d at 877.[1]

That the I.R.S. was aware of the tax year for which Plaintiff sought a refund is clear. The date of Gloria Stevens's death was recited on Plaintiff's Form 4768 Request for Extension. See Ex. 2. In January of 2002, it was the I.R.S. that contacted Plaintiff about the delinquent 706 estate tax return. See Ex. 3. If the I.R.S. was unaware of the tax year in question, it could not have

---

[1] The parties dispute how the Court should apply I.R.C. § 6511(a) to determine whether or not Plaintiff's refund claim was timely. Plaintiff would have the Court look back from the time the estate tax return was filed. The Government would have the Court look forward from the time the estate actually paid the tax. The Court does not need to decide this issue, however, as the Government concedes that under either interpretation of the statute, Plaintiff's claim for refund was timely filed if it satisfies the third Pala element.

6

known that Plaintiff was delinquent in filing.  Two telephone calls followed the I.R.S.'s letter to Plaintiff, during which Plaintiff and Officer Wong discussed the details of Plaintiff's family situation, including the fact that Plaintiff believed the estate had overpaid its tax due in 1998, and the reasons the estate had done so.  Plaintiff's May 29, 2002 letter was a follow-up to these conversations, and in context, the tax year was described.  See Ex. 5.  Although the letter does not recite the precise words "estate tax return for tax year 1998," it does reference "the death tax return for . . . Gloria Keesey Stevens." Id.  An informal claim does not require a precise description of the relevant year if the year can be determined from the context. See e.g., Pala, 234 F.3d at 878 ("The fact that PALA's letter does not specifically mention the year 1991 is irrelevant. . . ."). Given that the I.R.S. knew when Gloria Stevens died, Plaintiff's telephone calls and written communications to the I.R.S. were sufficient to put the I.R.S. on notice that Plaintiff was seeking a refund for the 1998 tax year.

Plaintiff's communications also described the tax with sufficient particularity to put the I.R.S. on notice of the claim. The Government argues that there should be an extremely high bar for an informal claim, requiring a taxpayer to identify the amount of the refund and the basis for the claim.  The authority the Government cites for this elevated standard is unavailing.  The Government's cases all pre-date the ruling in Pala, which this

1  Court adopted.[2]  Further, Government's the cases are easily
2  distinguishable.  For example, Young v. United States, 609 F.
3  Supp. 512 (N.D. Tex. 1985), provides no guidance on application of
4  the informal claim doctrine.  The taxpayer in Young had sent its
5  written notice of a claim to the Department of Justice instead of
6  the I.R.S., so the Commissioner was not on notice of the claim.
7  Id.  The Young court did not address the sufficiency of the
8  contents of the letter.  Here, the Government does not dispute
9  that Plaintiff spoke with and sent a letter to the I.R.S.  The
10 taxpayer's informal claim in Martin v. United States, 833 F.2d 655
11 (7th Cir. 1988), is similarly distinguishable.  One of the
12 communications upon which the Martin taxpayer relied actually
13 conceded that he owed more, and could not possibly have indicated
14 his claim for refund.  Id. at 659-660.  In the other letter, the
15 taxpayer merely "reserved the right" to file a claim, rather than
16 actually asserting the claim.  Id. at 660.  In Miller v. United
17 States, 949 F.2d 708, 711 (4th Cir. 1991), the only communication
18 the taxpayer relied on for his informal claim was a tax return he
19 filed claiming no tax due.  Id. at 711.  Miller filed that return
20 two years prior to paying the tax, so the return could not have
21 informed the I.R.S. of his refund claim.  Id.  Here, Plaintiff
22 paid the tax due before filing the return, and in every

---

[2] The Pala court supported its formulation of the informal claim doctrine with substantial authority.  See Pala, 234 F.3d at 877 n.13, n.14 (citing Kales, 314 U.S. at 194-95; Gustin v. United States, 876 F.2d 485, 488 (5th Cir. 1989); Bauer v. United States, 594 F.2d 44, 46 (5th Cir. 1979)).  However, it is the Pala ruling that this Court adopted in the first summary judgment order.  See Docket No. 16.  Thus, to the extent that the Government's authority diverges from or is more demanding than Pala, it is inapposite.

1 communication with the I.R.S. following payment, Plaintiff
2 indicated his belief that he was entitled to a refund.  In the
3 Government's last case, APG 3, Inc. v. United States, 32 F. Supp.
4 2d 451 (S.D. Tex. 1988), the written communication the taxpayer
5 relied on as a refund claim was a letter to the I.R.S. requesting
6 abatement of a penalty the I.R.S. had imposed for failing to file
7 W-2 forms for the taxpayer's employees.  Id. at 454-55.  The
8 letter made only oblique references to the tax for which the
9 taxpayer sought a refund and did not say that he was entitled to a
10 refund.  Id.

11 Relying on Miller, the Government also argues that the
12 Plaintiff's communications with Officer Wong were insufficient to
13 establish the claim because they would not have allowed the I.R.S.
14 to conduct an investigation of Plaintiff's refund claim.  In
15 Miller, the Fourth Circuit held that the written portion of the
16 informal claim must be sufficiently specific to "pin-point the
17 area of dispute, thereby facilitating an examination of the claim
18 if appropriate."  949 F.2d at 711.  Miller offers no guidance for
19 when an examination of the claim might be "appropriate."  Nor does
20 the Government, other than asserting in its trial brief that an
21 investigation was "clearly appropriate."  Docket No. 35, at 6.
22 Because Plaintiff had discussed the refund with the I.R.S. and
23 informed Officer Wong that a detailed return would be forthcoming,
24 an investigation prior to the filing of the estate tax return
25 would not have been appropriate.

26 The Court finds that Plaintiff's communications with Officer
27 Wong sufficiently described the 1998 estate tax to establish an

28

9

1  informal claim.  Plaintiff's May 29, 2002 letter not only
2  references the specific year, as noted above, but also identifies
3  the specific tax (the estate tax paid for decedent Gloria Keesey
4  Stevens), and states plainly, "Please remember that we have
5  already made substantial prepayment on account and anticipate
6  receiving a refund."  Ex. 5.  Plaintiff did not indicate that he
7  expected to file a refund, or that he reserved the right to do so;
8  rather, he said that he expected to receive money back from the
9  Government on taxes already paid.
10  The Court concludes that Plaintiff's telephone calls and
11  written communications with the I.R.S. clearly satisfy the
12  informal claim doctrine as formulated in Pala.  This outcome also
13  furthers the policy goals of the doctrine described in the Court's
14  first summary judgment order.  See Docket No. 16, at 10-11 (citing
15  BCS Fin. Corp. v. United States, 118 F.3d 522, 524-526 (7th Cir.
16  1997); Commissioner v. Ewing, 439 F.3d 1009, 1015 (9th Cir.
17  2006)).  Plaintiff communicated with the I.R.S. numerous times
18  throughout the statutory period and received extensions of the
19  filing deadline.  Given Plaintiff's intentional overpayment from
20  the outset, which was intended to prevent prejudice to the
21  Government, the delayed filing of the formal refund claim is
22  precisely the sort of harmless non-compliance the informal claim
23  doctrine is intended to excuse.

### IV. CONCLUSION

26  For the foregoing reasons, the Court finds that Plaintiff's
27  communications with the I.R.S. from 1998 to 2002 establish an

10

informal claim for refund of taxes paid.  The Court therefore AWARDS Plaintiff $65,481.89, plus pre-judgment interest.

The parties dispute the date on which such interest began to accrue.  The Court therefore ORDERS each party to submit a brief of no more than three (3) pages arguing its position on whether the interest began to accrue when the estate paid its taxes on November 16, 1998, or when the estate filed its return and formal claim for refund on August 1, 2002.  The parties shall submit these briefs no later than Monday, September 10, 2007.  Each party shall attach to its brief calculations for a total recovery of damages plus interest, based on the date that party believes the interest began to accrue.

IT IS SO ORDERED.

Dated: September 4, 2007

_____
UNITED STATES DISTRICT JUDGE

11