UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD O. STEVENS, Trustee of The
Gloria S. Stevens Trust, and Named
Executor of the Gloria S. Keesey
Stevens Estate,

             Plaintiff,

    v.

UNITED STATES OF AMERICA,

             Defendant.

No. 05-03967 SC

ORDER DENYING
PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES

**I.   INTRODUCTION**

On September 10, 2007, the Court entered Judgment in this
matter in favor of Plaintiff, Richard Stevens.  See Docket No. 47.
Having prevailed at trial, Plaintiff now seeks to recover his
reasonable attorney's fees.  See Docket No. 62.  Defendant, the
United States ("Government"), opposes the motion for fees.  Docket
No. 64.  The Court has reviewed the parties' arguments in full.
For the reasons set forth herein, the Court concludes that,
although Plaintiff prevailed at trial, he is not entitled to
recover attorney's fees from the Government.  The Court therefore
DENIES Plaintiff's motion.

**II.   BACKGROUND**

Plaintiff's mother, Gloria Stevens, died on February 16,
1998.  In November of that year, when the estate tax return was

**United States District Court**
For the Northern District of California

due, Plaintiff sent the I.R.S. a request for an extension, as well as a check for $162,109.58.  Upon completion of the estate tax return, Plaintiff concluded that the estate had only owed $96,627.69, and was therefore entitled to a refund of $65,481.89. Plaintiff then began a protracted series of communications with the I.R.S., including multiple extensions of time to file.  The I.R.S. ultimately refused to refund the requested amount, claiming that Plaintiff had not requested the refund in a timely manner.

Plaintiff brought suit in this Court pursuant to I.R.C. §§ 6511 and 7422, seeking to recover $65,481.89.[1]  The Court had jurisdiction under 28 U.S.C. § 1346(a)(1).

The Government did not dispute that Plaintiff had overpaid, or the amount by which he had done so.  However, the Government claimed that Plaintiff had not filed a timely request for refund. Pursuant to Internal Revenue Code section 6511(a), a taxpayer must make a claim for refund within 2 years of paying a tax, or within 3 years of filing a return, whichever is later.  See I.R.C. § 6511(a).  Plaintiff did not file his formal refund claim in a timely manner, but asserted that his communications with the I.R.S. on behalf of the estate amounted to an "informal claim".

In the early stages of this dispute, the Court adopted a four-part test for determining the adequacy of an informal claim. See Docket No. 16 at 12.  An informal claim is sufficient if it: (1) "is filed within the statutory period;" (2) "puts the I.R.S. on notice that the taxpayer believes an erroneous tax has been

---

[1]Citations to "I.R.C. § __" refer to the Internal Revenue Code, Title 26 of the United States Code.

United States District Court
For the Northern District of California

assessed;" and (3) "describes the tax and year with sufficient particularity to allow the I.R.S. to undertake an investigation." Pala, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States, 234 F.3d 873, 877 (5th Cir. 2000) ("Pala"). Finally, while "an informal claim may include oral communications, it must have a written component."  Id.

After twice denying the Government's motions for summary judgment, the Court held a bench trial on this matter.  The central issue at trial was whether Plaintiff's communications with the I.R.S. satisfied the third Pala factor.  See Findings of Fact & Conclusions of Law, Docket No. 43, at 6 ("Trial Order").  The Court found that Plaintiff's telephone calls with I.R.S. Revenue Officer Nancy Wong, and the letters Plaintiff sent Officer Wong, were sufficient to establish an informal claim under Pala.  Id. at 10.

## III.  LEGAL STANDARD

In a suit against the United States relating to the recovery of a tax refund, the prevailing party may recover reasonable litigation costs.  See I.R.C. § 7430(a)(2).  "Reasonable litigation costs" include "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding."  Id. § 7430(c)(1)(B)(iii).  The statute defines "prevailing party" as one which "has substantially prevailed with respect to the amount in controversy" or "has substantially prevailed with respect to the most significant issue or set of issues presented," and which has complied with certain procedural

requirements set forth in 28 U.S.C. § 2412(d).  <u>See</u> <u>id.</u> §

7430(c)(4)(A).  However, "if the United States establishes that

the position of the United States in the proceeding was

substantially justified," the other party will not be treated as a

"prevailing party" even where it meets the criteria above.  <u>Id.</u> §

7430(c)(4)(B)(i).

The Government's position is "substantially justified" if it

is "justified to a degree that could satisfy a reasonable person."

<u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988).  Thus, even where

the Government does not prevail, its position can still be

considered substantially justified if it has a "reasonable basis

in law and fact."  <u>Id.</u> at 565, 566 n.2.

**IV.  <u>DISCUSSION</u>**

The sole issue for the Court to determine is whether

Plaintiff was a "prevailing party" as defined in the Internal

Revenue Code.  The Government does not dispute that Plaintiff

substantially prevailed with respect to the amount in controversy

or the most significant issue presented, but argues that its own

position was substantially justified.  The Court finds that the

Government's position throughout this matter had a reasonable

basis in both law and fact, and was therefore substantially

justified.

The Government's legal position was reasonable throughout

this proceeding.  The Ninth Circuit has not established a test for

the sufficiency of an informal refund claim, other than to require

that the claim must have some written component.  <u>See</u> <u>Yuen v.</u>

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

<u>United States</u>, 825 F.2d 244, 245 (9th Cir. 1987).  At the outset of this proceeding, therefore, the standard governing the dispute was not clear.  The Government urged the Court to follow the stringent rule set forth by the Fourth Circuit in <u>Miller v. United States</u>, 949 F.2d 708 (4th Cir. 1991).  Under <u>Miller</u>, the written component of an informal refund claim must be "sufficiently specific to apprise the I.R.S. that the taxpayer desires a refund and to pin-point the area of dispute, thereby facilitating an examination of the claim if appropriate" <u>Id.</u> at 711.  The Government also drew the Court's attention to a Seventh Circuit ruling which suggests that the informal claim doctrine should be used primarily to cure technical defects in otherwise-sound refund claims, such as a clerical error or the failure to sign a form. <u>See</u> <u>BCS Fin. Corp. v. United States</u>, 118 F.3d 522, 524 (7th Cir. 1997).  These are more exacting than the <u>Pala</u> standard.

Even after the Court adopted the <u>Pala</u> test to govern this matter, however, the Government continued to make reasonable legal arguments.  In its Trial Brief, the Government cited cases where, in similar circumstances, courts had refused to find that taxpayers had filed informal claims.  <u>See</u> Docket No. 35 at 5-6. Additionally, certain aspects of <u>Pala</u> are ambiguous, leaving room for different interpretations of what each factor requires. Although the Court ultimately rejected the Government's arguments, it cannot conclude that those arguments were anything less than reasonable.

Similarly, the Government's arguments had a reasonable basis in fact.  <u>Pala</u> ultimately tests whether "the Commissioner knew, or

5

should have known, that a claim was being made." 234 F.3d at 877.
The Government argued that Plaintiff's communications with Officer
Wong were insufficient because Plaintiff never stated the amount
of the anticipated refund, nor provided the detail necessary for
the I.R.S. to conduct a thorough investigation.  After trial, the
Court concluded that the communications in question were more than
adequate to put the I.R.S. on notice of Plaintiff's refund claim.
The Court only reached that conclusion after consideration of
numerous documents and testimony from Plaintiff, his wife, and
Officer Wong.  The Government never advanced an unsupportable or
unreasonable theory of the case.  Rather, the Court simply
interpreted the evidence differently than the Government did.

Plaintiff's arguments about the unreasonable nature of the
Government's position are unavailing.  First, Plaintiff argues
that the I.R.S. was unreasonable in denying the refund claim in
the first instance.  First Mot. for Atty's Fees, Docket No. 48, at
2 ("Motion").[2]  This is immaterial to whether or not the
Government's position in this matter was substantially justified.
Plaintiff also claims that the "I.R.S. was fully informed as to
the exact amount of plaintiff s [sic] refund claim of $65481.89
from the time plaintiff filed its 706 Return dated 7/30/02."  Id.
This too is immaterial, as the Government only argued that the

---

[2]Plaintiff first moved for an award of attorney's fees
immediately after trial.  Docket No. 48.  The Court denied that
motion without prejudice because the Government had appealed the
Court's ruling, and the outcome of the appeal might have affected
whether or not Plaintiff was entitled to fees.  Docket No. 54.  The
parties then reached an agreement, pursuant to which the Government
dismissed its appeal.  See Docket No. 58.  Plaintiff then brought
the instant motion, relying on the previously-filed brief.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

informal claim lacked this information, not that the formal claim did. Plaintiff concedes this very point in the next paragraph of his brief. <u>Id.</u> at 2-3. Plaintiff next appears to argue that once the Court adopted <u>Pala</u>, all of the Government's arguments were unreasonable. <u>Id.</u> at 3. The Court disagrees for the reasons described above. Finally, Plaintiff claims that the Government refused a pre-trial settlement offer after the Court adopted <u>Pala</u>, and that such rejection was unreasonable. Whether or not the Government's decision not to settle was reasonable at the time is a separate inquiry from whether the position it advanced during this proceeding was substantially justified. Only the latter is before the Court in the instant motion.

**V.   <u>CONCLUSION</u>**

For the reasons set forth above, the Court concludes that the Government's position in this litigation had a reasonable basis in both law and fact, and was therefore substantially justified. Plaintiff is therefore not a "prevailing party" for the purposes of I.R.C. § 7430(a)(2). The Court therefore DENIES Plaintiff's Motion for Award of Attorney's Fees.

IT IS SO ORDERED.

Dated: July 21, 2008

_____
UNITED STATES DISTRICT JUDGE